WILLIAM BROOKS, Respondent, *v.* CHARLES E. TAYNTOR and
RUFUS M. TAYNTOR, Appellants.

*Cemeteries — lien given by chapter 543 of 1888, to a person furnishing a monument
— it depends on a notice being given by the superintendent of the cemetery to the
plot owner — constitutionality of the statute.*

The requirement contained in chapter 543 of the Laws of 1888 (which gives to a
person who places a monument in a cemetery a lien thereon for the purchase
price), that the superintendent of the cemetery shall forthwith, when a notice
of lien is filed with him, notify the plot owner that such lien has been filed with
him, must be complied with and the time specified in the statute must there-
after expire before the lien can be foreclosed.

*Quære,* as to the constitutionality of this statute.

APPEAL by the defendants, Charles E. Tayntor and another, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 2d day of October, 1895, continuing until the final
determination of the action a preliminary injunction theretofore
granted in the action.

*Hugo Hirsh,* for the appellants.

*Alex. Thain,* for the respondent.

VAN BRUNT, P. J.:

The defendants are dealers in monuments, gravestones, etc. In
the year 1893 · they furnished a monument to the plaintiff and
erected the same on the plaintiff's burial plot in Greenwood Ceme-
tery. The plaintiff paid the contract price of this monument partly
in cash and partly in notes as required by the contract; and because
of the non-payment of these notes the defendants threatened to
enforce the payment of that indebtedness under chapter 543 of the

Laws of 1888, and to that end, to take possession of the monument, detach it from the soil and sell it at auction. This action was brought to restrain the defendants from removing the monument and from in any manner interfering therewith.

It is claimed upon the part of the respondent that the statute in question is unconstitutional, and that the method of procedure provided by the statute has not been complied with.

In the disposition of this appeal it does not seem to be necessary to consider the question of the constitutionality of this extraordinary legislative production called chapter 543 of the Laws of 1888. The act provides that every person, etc., that shall furnish or place in any cemetery or burial ground within the State any monument, etc., shall have a lien upon such monument for the principal and interest of the agreed price thereof or such portion of said price as shall remain unpaid, until the same be paid in full, provided such person, etc., shall at any time or within one year after the bill for the same becomes due, file with the superintendent or person in charge of such cemetery or burial ground a notice in writing to the effect that the person, etc., furnishing such monument, etc., claims a lien on the same for the purchase price thereof, or such portion of the purchase price thereof as remains unpaid, with interest. After certain other provisions in regard to the form of the notice of lien the statute provides that it shall be the duty of the superintendent or person in charge of the cemetery with whom any such notice shall be filed, to forthwith notify the owner or owners of the plot so described in said notice, of the filing of said notice of lien. This is the only provision contained in the act in regard to the service of this notice upon the owner of the monument.

It seems to be somewhat difficult to understand exactly how such a requirement upon the part of a superintendent of a burial ground can be enforced. In the case at bar the superintendent did not give any notice.

The next section provides that in case the amount due be not paid within six months after the service of said notice on the plot owner, as hereinbefore provided, the said person, etc., so claiming such lien shall thereafter and within sixty days have the right, on ten days' notice to the superintendent or person in charge of the cemetery, of his election so to do, to remove from said burial

ground the monument, etc., to the outside of the grounds of the cemetery, and upon publishing a notice in two newspapers may sell it.

In the case at bar, as above stated, no notice whatever was served by the superintendent. It is claimed upon the part of the defendants that their agent served a copy of the notice of lien upon the plaintiff. The plaintiff, however, asserts that no such service of notice of the filing of the lien was ever made upon him; that the notice served upon him was served prior to the filing of the lien.

It seems to be clear that the statute has not been complied with. The right to foreclose the lien under the statute depended upon the expiration of a certain time after the service of notice of the filing of the notice of lien, by the superintendent of the cemetery, and no authority is given to anybody else to usurp this duty. It is clear, therefore, that the defendants did not comply with the statute, and that they had no right to commit this threatened trespass upon the plaintiff's burial plot, even if this remarkable statute can be held to be constitutional, in respect to which we express no opinion.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

O'BRIEN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.